## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CLINTON CHAMBERS,
          Petitioner,

v.                                                            Case No. 8:18-cv-949-T-02CPT

SECRETARY, Department of Corrections,
          Respondent.
_____/

## ORDER DENYING PETITION

On April 18, 2018, Petitioner Clinton Chambers filed his Petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Doc. 1. He seeks relief from 2014 state court conviction. *Id.* at 1. Respondent filed a response. Doc. 7. The Court finds that a hearing is unnecessary and denies the Petition.

Petitioner is serving a 12-year sentence after a jury trial in the Twelfth Judicial Circuit (Manatee County).  Petitioner was convicted of: traveling to seduce, solicit or entice a minor to commit a sex act (count one); use of a computer to entice same (count two which was subsequently nolle prossed); attempt lewd battery (count three); resisting arrest without violence (count four); and possession of marijuana (count five).  Petitioner seeks relief from these judgments pursuant to 28 U.S.C. § 2254.

The undersigned has closely reviewed the record in this case.  This is one of the unfortunate "internet sting" cases in which an undercover police officer

impersonates a minor in an online chat room, and the defendant seeks out the "minor" for sex.  In this case the Petitioner had extensive lascivious discussions with an internet persona who represented herself to be a 14-year old girl. Petitioner traveled to meet this person, stating it was for sex "like grown folks;"[1] bringing condoms.  Upon arrest, Petitioner fled the officers and jumped into a pond.

Petitioner testified at his trial, stating that the role-playing fantasy chat room led him to reasonably believe he was dealing with an adult female who was play-acting as a child, and he decided to play along in the role of someone interested in a young girl.[2]  Unfortunately, the jury did not believe Petitioner's testimony. When a defendant chooses to testify, he runs the risk that if disbelieved "the jury might conclude the opposite of his testimony is true."  *Atkins v. Singletary*, 965 F.2d 952, 961 n.7 (11th Cir. 1992).  A defendant's testimony may be considered by the jury, in its discretion, as substantive evidence of the defendant's guilt.  *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).

The Respondent agrees that the Petition is timely.  With one exception, the grounds asserted are exhausted.  Because the Petition presents an issue related to exhaustion, the Court first reviews that area of the law.

Concerning exhaustion, before a federal court can grant habeas relief, a Petitioner must exhaust every available state court remedy for challenging his

---

[1] Doc. 7, Ex. 3 at 190–92.  The entire on-line discussion was preserved and published to the jury.
[2] The trial testimony is at Doc. 7.  This testimony is at Doc. 7, Ex. 3 at 312–16.

conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C.

§ 2254(b)(1)(A).  "[T]he state prisoner must give the state courts an opportunity to

act on his claims before he presents those claims to a federal court in a habeas

petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Henderson v.*

*Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal

habeas relief cannot raise a federal constitutional claim in federal court unless he

first properly raised the issue in the state courts.") (citations omitted).  To exhaust a

claim, a petitioner must present the state court with both the particular legal basis

for relief and the facts supporting the claim.  *See Snowden v. Singletary*, 135 F.3d

732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state

prisoner 'fairly presen[t] federal claims to the state courts in order to give the State

the opportunity to pass upon and correct alleged violations of its prisoners' federal

rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  The prohibition

against raising an unexhausted claim in federal court extends to both the broad

legal theory of relief and the specific factual contention that supports relief.  *Kelley*

*v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

"If the [Petitioner] has failed to exhaust state remedies that are no longer

available, that failure is a procedural default which will bar federal habeas relief,

unless either the cause and prejudice or the fundamental miscarriage of justice

exception is established."  *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

To establish cause for a procedural default, an applicant "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).  To show prejudice, an applicant must demonstrate not only that an error at the trial created the possibility of prejudice, but that the error worked to his actual and substantial disadvantage and infected the entire trial with "error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).  In other words, an applicant must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892.

Absent a showing of cause and prejudice, a petitioner may obtain federal habeas review of a procedurally defaulted claim only if review is necessary to correct a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986).  A fundamental miscarriage of justice occurs if a constitutional violation has probably resulted in the conviction of someone who is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).  To meet the "fundamental miscarriage of justice" exception, an applicant must show constitutional error coupled with "new reliable evidence—whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

**As to Ground One:** In the first ground of the Petition, Petitioner asserts that trial counsel was ineffective for failing to file a motion to dismiss on grounds of law enforcement misconduct.  The gist of this claim is that the law enforcement conduct, using a fictitious persona on an adult-only chat room website, violated several constitutional principles, such as due process, etc.  Although exhausted, this claim is meritless.  Petitioner cites no holding or case law in which this type of internet sting operation, however distasteful it might be, was deemed illegal or unconstitutional.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must prove both deficient performance by counsel and prejudice resulting from that deficiency. To prove deficient performance, a petitioner must show "that no competent counsel would have taken the same action." *Preston v. Sec'y, Dep't of Corr.*, 745 F. App'x 835, 837 (11th Cir. 2018) (citing *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 928 (11th Cir. 2011)). To demonstrate prejudice, he must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Counsel cannot be ineffective for not raising meritless claims. See *Owen v. Sec'y for Dep't. of Corr.*, 568 F.3d 894, 915 (11th Cir. 2009). Finally, to prevail on a claim of ineffective assistance in federal court when there has been a ruling on the merits in state court, a petitioner must show that the state court applied *Strickland*

to the facts of his case in an objectively unreasonable manner. *Bell v. Cone*, 535

U.S. 685, 699 (2002); *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009).

The state circuit court denied this claim as follows:

Defendant . . . alleges that his counsel was ineffective for failing to file a motion to dismiss on grounds of law enforcement agents' misconduct. In support of this ground, Defendant alleges that but for a law enforcement "decoy" on a "dating, fantasy, and role play website called BADOO," which falsely verified that the profile of "Elle 74" was the profile of a 74-year old female, the alleged victim "Elle 74" would not have been placed in "Defendant's orbit" because Defendant indicated his interest on the BADOO site was "to meet with a female person between the age of 35 to 75 years old, living within a 50 mile radius of the Defendant." Defendant alleges he asked his trial counsel to file a motion to dismiss on grounds of law enforcement agents' misconduct (presumably on the basis that law enforcement used deception to set up the BADOO profile of "Elle 74"), but his trial counsel "refused to file the motion." Defendant further alleges that "law enforcement agents broaden[ed] the age protection of the statutes when they created [the] profile of a 74 years old adult female person . . . and, therefore, should not have charged the Defendant with violation of a statute that was drafted to protect minors under the age of eighteen." Defendant concludes that if his trial counsel had filed the requested motion to dismiss, "it is more probable than not that the Court would have ruled in favor of the Defendant."

Defendant's amended claims in Ground Two are completely without merit. Defendant seems to be under the misimpression that law enforcement cannot use any deceptive investigative techniques. To the contrary, Florida Courts have consistently found similar pretend, fictitious, and even deceptive investigative techniques to be acceptable, particularly in undercover online child sex predator stings.[10] As the First DCA aptly explained, where "law enforcement was specifically targeting child sex predators, . . . we see nothing egregious or outrageous in undercover online investigations, like the one conducted here, designed to apprehend people bent on engaging in sexual activity with minors. To hold otherwise would be to tie the hands of law enforcement in combating this type of sex-related crime."[11]

Defendant's present allegations "do[] not establish that law enforcement overstepped the line of permitted deception."[12] Moreover, a review of the trial testimony, particularly that of Detective Chris

McClure, reveals that Defendant was informed very early in his online chat with "Elle" that the fictitious "decoy" was only 14 years of age. *See* Trial Transcript at 170-171, 182-184. Yet, that information did not deter Defendant. *Id*. at 185-207. In fact, Defendant showed up at the address provided by "Elle" during their online chat with two condoms. *Id*. at 238-239.

Even if Defendant's trial counsel had filed a motion to dismiss on the proposed basis that law enforcement agents engaged in misconduct by using a deceptive online profile, it is highly improbable that such a motion would have been granted. Counsel cannot be ineffective for failing to file a meritless motion.[13] Therefore, Defendant's amended claims under Ground Two will also be summarily denied.

[10] *See, e.g.,* Mizner v. State, 154 So. 3d 391 (Fla. 2d DCA 2014); *Bistv. State*, 35 So. 3d 936, 940 (Fla. 5 DCA 2010) ("Law enforcement may provide the facilities necessary to carry out the crime, and the mere use of deceit does not violate due process.").

[11] *State v. Murphy*, 124 So. 3d 323, 330 (Fla. 1st DCA 2013), *remanded with instructions to vacate conviction for lesser included offense Murphy v. State*, --- So. 3d ---, 2016 WL 1668953 (Fla. April 27, 2016).

[12] *Loredo v. State*, 836 So. 2d 1103, 1105 (Fla. 2d DCA 2003).

[13] *See, e.g., Deparvine v. State*, 146 So. 3d 1071, 1094 (Fla. 2014) ("Trial counsel cannot be ineffective for failing to pursue meritless arguments.").

Doc. 7, Ex. 16 at 6–8 (footnotes in original).

The state court holding on Ground One is not an unreasonable application of the law. The United States Supreme Court has long acknowledged that "in the detection of many types of crime, the Government is entitled to use decoys and to conceal the identity of its agents." *Lewis v. United States*, 385 U.S. 206, 209 (1966). The Court has further indicated that law enforcement conduct violates due process only when it is so outrageous that it is "shocking to the universal sense of justice." *United States v. Russell*, 411 U.S. 423, 432 (1973) (quoting *Kinsella v. United States ex rel. Singleton*, 361 U.S. 234, 246 (1960).

**As to Ground Two:** In his second ground Petitioner contends that trial counsel was ineffective for failing to file a motion to dismiss on grounds of law enforcement misconduct based on the fact that no audio recording of his post-arrest statement to police was available and that the statement provided by law enforcement was not an accurate statement but was based on the memory of the interviewing agent several hours after the interview. This claim was not raised in Petitioner's state postconviction motion. It was raised only in his initial brief on appeal from the denial of that motion. However, to properly exhaust a claim, a state prisoner must fairly present his claim "in each appropriate state court . . . ." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Thus, because Petitioner did not present this claim to the state circuit court in his motion for postconviction relief, the claim was not exhausted and it is procedurally barred from federal review.

Furthermore, even if considered properly exhausted, this claim is procedurally barred from federal habeas review because it was procedurally barred in the state appellate court, having not been properly preserved for review. In Florida, "[f]or an issue to be preserved for appeal, it must be presented to the lower court, and the specific legal argument or ground to be argued on appeal must be part of that presentation." *Doorbal v. State*, 983 So. 2d 464, 492 (Fla. 2008). Petitioner did not present the argument he makes here, and that he made in the state appellate court, to the state circuit court.

Although he did claim that counsel was ineffective for not filing a motion to dismiss, Petitioner did not claim that counsel was ineffective for not filing a motion to dismiss based on the lack of an audio recording or any inaccuracies in any statement made by the interviewing officer. The state appellate court affirmed without opinion and this Court "may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case. In fact, the most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar." *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993).

 "[C]onsistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court," the Supreme Court has held that, "when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." *Cone v. Bell*, 556 U.S. 449, 465 (2009). Because Petitioner failed to present his claim to the state circuit court, the denial of the claim by the state appellate court is presumed to rest on the independent and adequate state ground of lack of preservation, and this claim is procedurally barred.

State procedural rules preclude Petitioner from returning to state court to present his federal due process claims in a second direct appeal, rendering the

claims procedurally defaulted.  Petitioner fails to demonstrate cause for the default

of his claims because he fails to show that some "external factor" prevented him

from raising the federal claims on direct appeal.  *Wright*, 169 F.3d at 703.  He

likewise fails to establish prejudice because he does not show that the alleged

errors infected the entire trial with constitutional error.  *Frady*, 456 U.S. at 170.

He cannot meet the "fundamental miscarriage of justice" exception because he

presents no "new reliable evidence" that he is actually innocent.  *Schlup*, 513 U.S.

at 327.  Because Petitioner satisfies neither exception to procedural default, ground

two is procedurally barred from federal review.

 Nor is Petitioner entitled to review of this defaulted claim under *Martinez v.*

*Ryan*, 566 U.S. 1 (2012). To be entitled to review of a defaulted claim under

*Martinez*, a prisoner must show that the defaulted claim is a "substantial one,

which is to say that the prisoner must demonstrate that the claim has some merit."

*Id.* at 14. Petitioner has not shown that his claim of ineffective assistance of

counsel has any merit because he has not alleged facts sufficient to demonstrate

deficient performance and prejudice as required by *Strickland v. Washington*, 466

U.S. 668 (1984).

 Petitioner's claim is conclusory and insufficient to establish a basis for

relief. Petitioner contends that trial counsel was ineffective for failing to file a

motion to dismiss on grounds of law enforcement misconduct based on the fact

that no audio recording of his statement to police was available, and that the statement provided by law enforcement was not an accurate statement but was based on the memory of the interviewing agent several hours after the interview. The fact that no audio recording was available is not grounds for relief. Apparently, the recording device failed.  Doc. 7, Ex. 3 at 280.   The officer who testified about the unrecorded post-arrest statement was subject to full cross examination. *Id.* at 284–89.  Because these allegations are insufficient to establish a basis for a motion to dismiss, they are insufficient to establish either deficient performance by counsel for not filing a motion to dismiss or prejudice. Thus, Petitioner has not shown that his claim has any merit and he cannot overcome the procedural bar of the claim.

In this regard, even if Ground Two were exhausted or there were a cognizable exception to the exhaustion requirement, the ground would fail on the merits.  Many jury trials happen, and many post-arrest statements are introduced, when the statement is not recorded.  Here there is no indication of actual police misconduct, and the evidence against Petitioner was quite strong, including his own testimony which the jury was free to consider against him (and they apparently did).

**As to Ground Three:** Petitioner asserts in his third ground that trial counsel was ineffective for failing to investigate the chat room and adult dating website where he encountered and communicated with the undercover officer

posing as a 14 year-old girl.  Petitioner alleges that had counsel investigated, he

would have discovered that Petitioner and the alleged victim were engaged in a

chat room designed for fantasy and roleplay and that Petitioner's profile request

was to meet and chat with someone between the ages of 35 and 75 who lived

within a twenty mile radius of Petitioner.  Doc. 1, Ex. 1 at 16.  He asserts that

counsel would have discovered that the profile created for the alleged victim

stated that she was a 74 year old female, that the site required its members to use a

two-factor age verification system, and that both factors must be met by the

person setting up the profile before they can be listed as a verified user. Finally,

Petitioner asserts meritlessly that an investigation would have revealed that law

enforcement agents were in violation of several provisions of Title 15 of the

United States Code (governing trade and commerce not criminal procedure) by

creating a misleading profile.

The state circuit court denied this claim as follows:

> In his final ground for relief, Defendant alleges his trial counsel
> was ineffective for failing to investigate Defendant's email address and
> his BADOO website profile. In support of this ground, Defendant
> alleges that, if his trial counsel had investigated the BADOO "dating,
> fantasy, and role play web-site, counsel would have uncovered readily
> available material evidence to rebut the prosecution argument, such as
> the two prong verification requirement that was met and satisfy by the
> defendant and by the alleged victim Elle.74, to show that the alleged
> victim Elle.74 as [sic] satisfy the site requirement that this individual is
> an adult person of the age of 74." Defendant further alleges that he was
> prejudiced by his counsel's failure "[b]y not gathering this piece of
> material evidence to show to the jury that Defendant had every reason
> to believe he was in communication with an adult person of the age of

74 years old."

   Despite an opportunity to amend his postconviction motion, Defendant's present amended claims are not entirely clear about what specific "evidence" related to Defendant's email address and his BADOO website profile his trial counsel should have been able to discover and enter into evidence at trial. Notably, however, the BADOO website profiles for both "Elle" and Defendant "Clinton Chambers" were introduced into evidence for the jury's consideration during the State's case in chief. *See* Trial Tr. at 150, 173, and 176. Moreover, Defendant's defense that he believed he was really communicating with a 74-year old woman on the BADOO website was presented to the jury through Defendant's own trial testimony. The jury verdicts in this case clearly indicate that the jury did not find Defendant's testimony to be credible. See Verdict form, filed August 29, 2014. Indeed, the Court's review of the evidence introduced at trial, including both Detective McClure's and Defendant's trial testimony explaining their respective sides of the online chat and text messaging between "Elle" and Defendant, convinces the Court that even if Defendant's trial counsel had presented evidence that the BADOO website "requires" users to comply with a two-prong age verification process in setting up a profile—it would not have resulted in a different jury verdict. *Compare* Trial Tr. At 161-213 *with* Trial Tr. 306-349.

   In sum, the Court's confidence in the outcome of this case is not undermined by any of Defendant's allegations.

Doc. 7, Ex. 16 at 8–10.

The state court's factual findings are supported by the trial transcript. Doc.

7, Ex. 3. Based on those factual findings, the state court reasonably concluded that

Petitioner failed to demonstrate any prejudice. Thus, the denial of this claim was

neither contrary to nor an unreasonable application of *Strickland*.

The Petition is without merit and denied. The issues presented do not give

reasonable jurists grounds to doubt Petitioner's lack of qualifications for habeas

relief. Therefore, the undersigned denies a certificate of appealability, and denies

a request to proceed on appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, on June 19, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Petitioner, pro se